UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONNIE ROWE and ANGELA ROWE, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) No. 3:10-CV-164 ) (VARLAN/GUYTON) ) ) |
| REMBCO GEOTECHNICAL CONTRACTORS, INC., | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 11] referring Plaintiffs' Motion for Sanctions [Doc. 10] to this Court for disposition.

At 3:25 p.m. on May 7, 2010, the Defendant filed its answer in this case. On May 7, 2010, the Defendant also filed a Motion to Dismiss [Doc. 5], moving the Court to dismiss this action for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss was filed at 3:37 p.m. On June 1, 2010, counsel for the Plaintiffs wrote counsel for the Defendant stating that the Motion to Dismiss "lacks support in law" and stating that the Plaintiffs would move for sanctions under Rule 11 of the Federal Rules of Civil Procedure. [Doc. 10-1]. The instant motion followed.

In their motion, the Plaintiffs argue that the Motion to Dismiss is improper because the Defendant filed its Answer prior to filing the Motion to Dismiss. [Doc. 10 at 1]. The Plaintiffs pray that the Court "dismiss the Defendant's Motion to Dismiss and . . . not require the Plaintiffs to

respond to the Defendant's Motion to Dismiss."[1] [Doc. 10 at 1]. In addition, the Plaintiffs request sanctions and expenses be awarded against the Defendant, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

The Defendant has responded in opposition to the Plaintiffs' motion [Doc. 12]. The Defendant first argues that the Answer and Motion to Dismiss were filed contemporaneously, as they were filed only twelve minutes apart. [Doc. 12 at 1]. The Defendant also maintains that even if the Motion to Dismiss were untimely, the Motion to Dismiss should be treated as a motion for judgment on the pleadings made under Rule 12(c) of the Federal Rules of Civil Procedure. [Doc. 12 at 1].

As the Court of Appeals for the Sixth Circuit has explained:

> The standard of review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6); the difference between the two rules is simply the timing of the motion to dismiss. For a dismissal under Rule 12(b)(6), the moving party must request judgment in a pre-answer motion or in the answer itself, whereas a motion for dismissal under Rule 12(c) may be submitted after the answer has been filed.

Jackson v. Heh, 215 F.3d 1326, at *3 (Table) (6th Cir. 2000). Given that motions made under Rule 12(c) and motions made under Rule 12(b)(6) are indistinguishable, other than in timing, the Court of Appeals has treated improper labeling of these motions as a technicality. See Satkowiak v. Bay County Sheriff's Dept., 47 Fed. App'x. 376 (6th Cir. 2002) ("Technically, . . . the [defendant's] motion to dismiss under Rule 12(b)(6) should be labeled as a Rule 12(c) motion for judgment on the pleadings since the [defendant] had already filed an answer to the complaint.")

---

[1] These requests will be treated as a request that the Court deny and/or strike the Motion to Dismiss.

With this guidance, district courts within this Circuit have adopted a liberal approach to the labeling of these motions, so as not to elevate form over substance. See Wade v. George, 2010 WL 2306694 (W.D. Ky. June 7, 2010) ("Because it was filed after the answer we will construe this motion as a [sic] one for judgment on the pleadings pursuant to Rule 12(c) rather than as one for dismissal pursuant to Rule 12(b)(6)."); see also Church v. Bash BackA, 2009 WL 3107057 (W.D. Mich. September 23, 2009) ("[T]his Court will liberally construe a motion to dismiss under 12(b)(6) filed after an answer as a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) , which may be filed after an answer.").

In this case, the Court finds that the Motion to Dismiss, made under Rule 12(b)(6), should be construed as a motion for judgment on the pleadings under Rule 12(c). Though the Court finds that it is not necessary to rule on the issue of whether documents filed twelve minutes apart are filed contemporaneously, the Court does find that the short period of time that elapsed between the filing of the Answer and the filing of the Motion to Dismiss lends additional support for construing the pleadings liberally.

The Court finds that the Defendant's Motion to Dismiss does not contravene the Federal Rules of Civil Procedure or the law of the Circuit. There are no grounds for finding that the legal contentions made by the Defendant are not warranted by existing law, Fed. R. Civ. P. 11(b)(2), and therefore, the Court finds that no violations of Rule 11 have occurred. Sanctions are not appropriate in this case.

Accordingly, the Court finds that the Plaintiffs' Rule 11 Motion **[Doc. 10]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>      s/ H. Bruce Guyton      </u>
United States Magistrate Judge